IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          NO.  13-CR-1948 LFG

MICHAEL JAMES AXWORTHY,

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION *IN LIMINE*

THIS MATTER is before the Court on Plaintiff, United States of America ("United States") Motion *In Limine* to Exclude Certain Testimony. [Doc. 22]. The Court considered the Motion and Response in Opposition [Doc. 27]. No reply was filed and the time for filing a reply elapsed. The Court determines that oral argument is not necessary.

The United States seeks to exclude evidence of the injuries Defendant Michael James Axworthy ("Axworthy") received as a result of the incident and/or altercation with U.S. Forest Officer Barrs. Axworthy suffered broken ribs and a broken collarbone occasioned by Officer Barrs tackling him during the incident. The United States argues that the evidence of injury is not relevant and has a potential to unfairly prejudice a party. United States v. MacKay, 715 F.3d 807, 839 (10th Cir. 2013), *quoting* United States v, Cerno, 529 F.3d 926, 933 (10th Cir. 2008).

The United States seeks to limit its case in chief to testimony and evidence relating to the offense charged, that is, that Axworthy assaulted Officer Barrs by slapping the Officer's hand; that Officer Barrs was a federal officer engaged in the performance of official duty; and that Axworthy acted intentionally. The United States contends that the degree of contact required to forcibly

assault a law enforcement officer is not significant, and that the injuries suffered by Axworthy occurred after the alleged assault on Officer Barrs.  In other words, the disparity between Axworthy's allegedly minor battery on the federal agent has no bearing on the amount of force used by the officer to respond.  That may well be the case, but the entire incident took less than a minute, including the encounter, alleged assault, response and resulting injury.  The episode is one brief but continuous event, not discrete, separate events.

The Court sees no basis to isolate the evidence to the discrete acts; and, therefore it will not preclude Defendant from presenting evidence on the result of the alleged tackle.  However, this is not a personal injury or excessive use of force case prosecuted by Axworthy against the United States.  In such a case, the nature, extent and duration of the injuries would be facts of consequence.  Here, it is sufficient that the fact finder be aware that there was an encounter, the conduct between Axworthy and Officer Barrs, and who did what to whom.

The Court will permit the introduction of evidence that Axworthy's injuries included a broken collarbone and broken ribs.  The Court will not permit the parties to dwell on those injuries, or present evidence on the nature, extent or duration of those injuries as they are not relevant to the claims and/or charges.  The fact that Axworthy was injured, even seriously during the encounter, does not mean that the force used was impermissible.

The United States' motion to exclude evidence is DENIED in part, but granted to the extent noted herein.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge