IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                         NO.   13-CR-1948 LFG

MICHAEL JAMES AXWORTHY,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL

THIS MATTER is before the Court on Defendant Michael James Axworthy's ("Axworthy") Motion for a New Trial [Doc. 50]. No response is necessary.[1] As a motion brought under Fed. R. Crim. P. 33(a) is directed to the Court's sound discretion after considering the interests of justice, no response is necessary. The motion was filed within the extension of time limit granted by the Court and is deemed timely.[2]

Axworthy was convicted in a jury trial of assaulting, resisting or impeding a federal employee, a violation of 18 U.S.C. § 111(a)(1). The United States dismissed Counts 2 and 3, having a campfire in violation of fire restrictions under 36 C.F.R. §§ 261.52(A) and 261.1b, and using a forest as a residence in violation of 36 C.F.R. §§ 261.10(b) and 261.1b.

Part of the basis of Axworthy's Motion For a New Trial concerns testimony by witness Katherine Trujillo ("Trujillo"). Trujillo was present at the Cuchilla del Medio Campsite in the

---

[1] The United States filed a motion to extend the time for its response in opposition [Doc. 51]. However, Fed. R. Crim. P. 33 motions are directed to the Court's sound discretion. Having reviewed the Defendant's motion, the Court concludes no response is necessary.

[2] The 2005 Amendment to Rule 33 provides in part, "There is nothing to prevent the court from granting the defendant a significant extension of time, so long as it does so within the seven-day period."

Carson National Forest around the time of the encounter between Axworthy and Forest Service law enforcement officer Thomas Barrs. During Trujillo's direct examination, she testified that Officer Barrs told her he was looking for a man in the area who had been setting fires. The Court instructed the jury to disregard the hearsay statement. [Doc. 48, partial transcript, at 10, lines 8-12.] Axworthy contends that the inadmissible hearsay statement and inadmissible character evidence were not cured by the Court's instruction to disregard.

Additionally, Axworthy claims that during rebuttal closing argument, government counsel, in speaking of Axworthy, queried, "What if he's [Axworthy] caught in a lie? What penalty does he face? Jail? But he's homeless. Jail is not a good thing for anyone, but if he spends a few more weeks in custody ---" [Doc. 49, partial transcript, at 5, line 25, to 6, lines 1-3.] Axworthy asserts that the prosecutor's closing argument, in which counsel inferred Axworthy was presently in custody and discussion of future consequences constituted plain error under Fed. R. Crim. P. 52(b).

Even without an objection, the Court interjected and admonished the government's counsel that the consequences of the jury's determination are improper for the jury to consider. [Id. at 6, lines 4-7.] The jury was instructed not to consider the consequences of its determination. Ultimately, Axworthy was convicted of the offense, assaulting a federal officer, and the jury was unable to reach a unanimous verdict on the remaining charges.

The thrust of Axworthy's two arguments in support of the motion for new trial is that the Court's admonitions were insufficient to cure alleged prejudice. In other words, Axworthy contends that jurors are unable to follow the Court's instructions and disregard evidence that the Court orders them to disregard. The Court disagrees. Instructing a jury to disregard evidence is commonplace, and the presumption is that the fact finder follows the instructions of the Court. *See* United States v. Caballero, 277 F.3d 1235, 1243 (10th Cir. 2002) (presumption exists that jurors will follow clear

instructions to disregard specific testimony or evidence); <u>Kirby v. King</u>, 460 F. App'x 782, 788 (10th Cir. Feb. 8, 2012) (unpublished) (any error cured by court's instruction to disregard statement; defendant not deprived of fair trial, particularly in view of court's admonition to disregard statement).

In both instances concerning the challenges to the testimony and closing argument, the Court acted promptly. With respect to Trujillo's testimony, the Court instructed the jury to disregard the hearsay testimony at issue. Regarding the prosecutor's closing argument regarding the consequences of the jury's findings or deliberations, Axworthy did not state an objection. Notwithstanding that omission, the Court acted *sua sponte* by instructing government counsel that the consequences of a verdict are not proper considerations for the fact finder and then promptly instructed the jury accordingly. The Court concludes that, under these circumstances, there was neither plain error nor manifest injustice that warrants a new trial.

In sum, the fact finder determined, and the Court agrees, that the government presented proof beyond a reasonable doubt that Axworthy committed the offense with which he was charged and convicted – assault on a federal officer. The Court disagrees that the interests of justice mandate granting a new trial. Accordingly, the Court denies Axworthy's Motion For a New Trial.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge